## FRANCOIS ARRANGOIZ v. FRANCIS H. FRAZER.

In an action by the holder of a promissory note against a first indorser for value, before maturity, the answer alleged that the plaintiff was not the real party in interest, nor the owner of the note. That it belonged to one R., the second indorser, who, at the time he owned it, was indebted to the maker, and that the maker had notified the first indorser thereof, and forbidden him to pay it, and if he did pay it, the maker would not pay him.

*Held,* That the only material averment in the answer, was that which alleged the plaintiff to be not the real party in interest, nor the owner of the note. The residue constituted no defence, and was properly stricken out as irrelevant.

APPEAL by defendant from an order at special term, striking out part of an answer as irrelevant. The complaint was against the defendant as indorser of a promissory note. The answer averred that the note belonged to one Rafael Rafael, to whom it was passed by the defendant; and it alleged that the executors of the maker (the maker himself being dead) had a counter claim, or set-off, against Rafael, and had given the defendant notice that they had such claim, and that if he paid the note they should not pay him. The plaintiff moved to strike out the whole of this answer, except the allegation that Rafael was the owner of the note. The motion was granted at special term, and the following opinion was rendered:

BRADY, J.—The defendant is indorser of a note made by C.

G. Everett, and delivered to the defendant for a valuable consideration.

The defendant, for a like consideration, transferred it to one Rafael Rafael, and the latter transferred it to the plaintiff.

The defendant answers, substantially, that Rafael Rafael is the owner and holder of the note; that the maker has a claim against Rafael Rafael; that the maker has notified him (the defendant) of such claim; and also, not to pay the note in consequence thereof.

The note is good against the maker in the hands of the indorser, and good in the hands of Rafael against the *indorser* for the whole amount.    The claim of the maker against Rafael, assuming him to be the real plaintiff, is not available to the defendant.    It is not a counter-claim, or set-off, existing in his favor, and *it is not an equity of which he is bound to take notice.* I know of no principle on which, under such circumstances, the defence can be sustained.

The maker's remedy is against Rafael.    The representatives of the maker might have accomplished the object in view by a transfer of the claim to the defendant.   They have not made it, and the defence fails.

Motion to strike out granted, with costs.

From the order entered pursuant to this opinion the defendant appealed.

*L. F. Therasson*, for the appellant.

*William H. Anthon*, for the respondent.

By the court, HILTON, J.—The defendant appeals from an order at special term, striking out his answer as irrelevant, except the allegation to the effect that one Rafael is the real party in interest in this action, and that De Arrangoiz is only a nominal plaintiff.    The cause of action alleged in the complaint is, that one Everitt made a promissory note for $1,000 to the order of, and delivered the same to, the defendant; that subsequently,

and before its maturity, the defendant indorsed it for a valuable consideration, and delivered it to the plaintiff, who is now the lawful owner and holder of it. That when it became due, the maker being dead, payment was demanded of his executor, and refused, and due notice thereof given to the defendant. The defence set up by the answer is, that the note was given to the defendant as part consideration for the transfer by the defendant of an interest which he owned in certain machinery, &c. That this interest was subsequently sold by the executor of the maker to Rafael, who afterwards sold it to the defendant, receiving this note in part payment of the purchase money. That at the time of this last sale, Rafael was, as defendant is informed and believes, indebted to the executor in upwards of $1,000 upon a contract made by Rafael with the executor, in connection with the sale by the executor to Rafael. That when the note became due, the executor gave notice of these facts to the defendant, and forbid his paying; adding, that if he did pay the note, the "executor would not refund the money to the defendant," and finally it is alleged, " on information and belief, " that the plaintiff took the note with full knowledge of these facts; that he is only the nominal plaintiff, and Rafael is the real party in interest.

Taken as a whole, this is certainly a remarkable defence. Substantially, it may be stated thus :—The maker gave the note for a valuable consideration to the defendant; the defendant indorsed it for a valuable consideration to Rafael ; Rafael transferred it before maturity, and for a valuable consideration, to the plaintiff; but, because at the time it was indorsed to Rafeal, he was indebted to the executor of the maker, the plaintiff ought not to recover. The defendant does not pretend to have any set-off, demand, or counter claim, against the plaintiff; does not even intimate that the note was transferred for the purpose of defrauding the executor of any set-off he may have against Rafael; and yet seems to think, when called upon to respond to the obligation he incurred by his indorsement, by a plaintiff admitted to be a *bona fide* holder of the note, who became such be-

fore maturity for a valuable consideration ; that it is a sufficient defence to say, that, while the note was, before its maturity, in the hands of an intermediate party, the maker had a counter claim, which, if that party had held the note when it became due, and had sued the maker upon it, might have been set off against it.

It would be extraordinary, indeed, if such matter should not be deemed irrelevant ; and the judge at special term was right in so considering it.

Order appealed from affirmed.